UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:22-cv-00026

———

**James Finch,**
*Plaintiff,*

v.

**Texas Department of Public Safety et al.,**
*Defendants.*

———

# ORDER

Plaintiff James Finch, a former inmate of the Anderson County Jail proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b).

After the dismissal of all other defendants (Docs. 8, 15), remaining defendants T.J. Choate and Greg Taylor moved for summary judgment on the merits of the case. Doc. 39. The motion was fully briefed by all parties. Docs. 39–40, 42–44. On January 12, 2024, the magistrate judge issued a report recommending that defendants' motion be granted and that judgment be entered for defendants. Doc. 48. Plaintiff filed written objections. Doc. 50.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended summary judgment because the record establishes that there is no genuine issue of material fact from which a jury could find that plaintiff's segregation and mental health treatment during his incarceration violated his constitutional rights or that such violation was clearly established. Doc. 48. Plaintiff's objections to the report do not persuade the court otherwise.

Plaintiff first objects that he did not consent to the appointment of the magistrate judge to this case. Doc. 50 at 1–2. But pursuant to

the Federal Magistrate Act of 1979 and General Order 05-04, this action was automatically referred to the magistrate judge as authorized by 28 U.S.C. § 636(b)(1). That statute gives this court the authority to refer any non-dispositive, pretrial matter to the magistrate judge for determination and to designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for the disposition of a matter to the district judge. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No consent from the parties is required for such referral. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section."). Accordingly, the magistrate judge's actions have been in full compliance with the law and this court's standard practices, and this objection lacks any merit.

Plaintiff also disagrees with the magistrate judge's conclusions about the merits of his case. But he acknowledges that the primary case on which he relies, *Taylor v. Riojas*, 592 U.S. 7 (2020), is "admittedly not relevant to this case." Doc. 50 at 2–3. Indeed, none of the cases plaintiff cites are on point. Moreover, he concedes that during his "solitary confinement," he had access to a telephone, a television, and an hour out of his cell each day for recreation. *Id.* at 3–4. And he does not refute or even address the magistrate judge's finding that he received regular medical treatment for his mental health condition during his incarceration.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. Defendants' motion for summary judgment (Doc. 39) is granted.

*So ordered by the court on February 26, 2024.*

J. CAMPBELL BARKER
United States District Judge